Good morning your honor, Frederick Goldberg, assistant federal public defender in the Middle District of Pennsylvania. I represent the appellant Anthony White. I'd like to reserve one minute of my time for rebuttal. That would be great. Addressing at the outset the government's jurisdictional argument, this court in Goldberg v. Clem articulated the standard for the gatekeeping function at the district court level as whether the motion conclusively demonstrates that it does not meet section 2244b-4's successive filing standard. Cast in the negative as that standard is, we view it as a fairly low bar, which makes sense in the overall scheme of things since this court would only be addressing a primatation showing and wouldn't want to bind the district court with any sort of finding. Did the district court here do what it was supposed to do under Pendleton in assuring itself of jurisdiction? Well, not explicitly. They simply skipped to the concurrent sentencing document. Quite so. They just skipped. Under Pendleton, what's the consequence of that? Is that an error? I think it is an error and I think the court could simply resolve the whole thing by remanding it back to Judge Rambo and asking her to go through the process that the court articulated in Pendleton and more recently in Hoffner. Right. I guess my question to you is, should we do that? Yes. And here's why. I think Mr. White satisfied or surmounted that fairly low hurdle of making the necessary gatekeeping showing because as the Fourth Circuit in Winston, as the Eleventh Circuit in Chance, and just very recently the Ninth Circuit in Geozo's, if he's making a Johnson claim based on the fact that he may have been sentenced under the residual clause, he's through the door, so to speak. And at that point there should be some sort of merits analysis. And the analysis those courts use, liking it to a general verdict, seems apt in this circumstance. It is a situation in which there's multiple theories of criminal responsibility. One of them happens to be unconstitutional. Shouldn't the court take a look at the merits of it if you're making at least that showing? And the practical side of this is if we adopted the government's position where you've got to come into court and identify in the record which clause was used. Your client being penalized, basically. Yes, but virtually nobody would get relief. I mean, at least in my experience, for many years the courts never expressed whether it was an enumerated offense clause, the residual clause, the elements clause, or force clause. They simply said you're a criminal, you get 15 years or whatever the guidelines call for, and you're on your way. I think when we write the opinion, either way, do we remind the district courts that this is something maybe that it's a good idea to do? Yes. So at the end of the day, unless you had an attorney that foresaw this huge sea change coming down the road many years, there would be an inadequate record. And what's really happened in most of these cases is somebody like Mr. White comes into court and he says, well, the record's silent as to what clause I was sentenced under. So he simply says, well, the offense at issue doesn't fit an enumerated offense clause, and it doesn't fit for these reasons as a force clause. So by extension, he's essentially doing what the government's asking. He's proving that the residual clause had some impact in it. You didn't really brief the Johnson issue here, did you? No. The court dismissed on a concurrent sentencing doctrine, so beyond what we did in the district court, no, we didn't brief the Johnson issue. Okay. So can we, even if we were inclined to look at that, we're poorly positioned to do that, right? Well, I guess it's my fault. I know. I briefed the issue that the court decided on, and, yes, the court would be poorly positioned to address it. We could file a supplemental brief. I think just Monday, Judge Baleson in the Eastern District issued an opinion in an aggravated assault predicate under the Armed Criminal Act, finding that it was inadequate because it was broader than the generic definition of aggravated assault. You read our opinion in Gorney, right, even though it's not in the publication, right? Yes. And so, yes, with Gorney and Castleman, there are some arguments both sides on this issue as to whether assault, particularly under the particular provision of the Armed Criminal Act, whether it was a domestic one in Castleman or some of these other cases, would be adequate. But at the end of the day, we don't think the court should have dismissed on the concurrent sentencing doctrine without at least making an initial merits determination. Well, you can deal with that now. That's what you briefed. Yes. So our position is simply that this guy came into court with a number of offenses and a multi-count indictment that were interrelated. There was a grouping done under the guidelines. Indeed, even the Armed Criminal Provision cross-references the pre-offender provision, and you got one guideline range. And typically when this court has addressed a situation in which one of the convictions or counts has been vacated, you send it back and ask the court to determine whether or not most of the time it's because it's a 924C offense and the court probably thinks that maybe the judge might have given this guy a little bit more time if he didn't know there was going to be ten years tacked on to the end of it. But the same rule ought to apply here in Mr. White's circumstance. And if it does, then we think the court would recalculate the guidelines. And if it did, the Fair Sentencing Act would have some play or implication in the overall calculus. Your friend says that your Fair Sentencing Act argument forfeited. We did not do a guideline calculation in the district court. That is correct. We simply argued that the sentencing package doctrine was in play because there was multiple counts and that the court should vacate and resentence. We didn't provide a guideline calculation. So isn't that a forfeiture? I mean, if you don't brief an argument for Judge Rambo, why should you be heard to be making that point here? Well, it's not really a different issue or argument. I mean, it's not as if I'm asking for suppression on one ground and then figure out there's a different one. I'm simply asking for a resentencing and pointing out in addition, if we did resentence, the guidelines might be different. It's just simply an additional fact in connection with the exact same argument that the guidelines would have to be recalculated. I take their position to be that you had a chance and could have made your argument under that amendment previously and that it would be wrong to let you backdoor the Fair Sentencing Act amendment now as if it were just an, oh, by the way, it's the thing that makes the difference. What's wrong with their argument? Well, nothing's wrong with their argument. It's true I conceded it in my reply brief. We didn't raise a guideline calculation as part of our sentencing package doctrine, but I don't think it's really a different argument if we're asking for resentencing that the guidelines would end up being redundant, be a new pre-sentence report. I mean, for instance, Mr. White could have either been very bad in prison, that might be relevant, or he could have been very good, and that might be relevant. But all those things would have to be redundant if we were back in front of the court. Well, then, even assuming it applies, I mean, I guess the chief argument from your friend is the maximum penalty either way is life in prison here. So how do you prevail? Well, actually, if the Fair Sentencing Act applies, this was a 50-gram crack case. There was no finding beyond a reasonable doubt of something beyond 50 grams. So under the Fair Sentencing Act, the maximum penalty would be less. It would be 40 years. And if the maximum penalty is less, it impacts the career offender guideline calculus by knocking it down a few levels. So instead of being subject to a minimum sentence of 35 years, Mr. White might be subject to a minimum sentence of 26.8 years, which is still a fair amount of time, particularly if you're going to be deported at the end of it. But it's a different sentence. So the max penalty doesn't change. It's still life in prison based on his crimes, right? No, the max penalty, well, if he's not an armed career criminal. Oh, well. Right. I'm making that assumption, obviously. But if he's not an armed career criminal, then, yes, the max penalty does change. Now, in this case, there's a couple of other issues that do not appear to be adequately explained in a record like the government filed an 851 notice, which would have made the maximum penalty life. But for reasons that are totally unclear, even though they argued it at the beginning of the sentencing, the judge simply didn't do it. The probation office didn't recognize it. Nobody objected at the end of sentencing, and the government didn't appeal. And it's also unclear as to how the marijuana conviction would have qualified as an adequate predicate when typically it's punishable by a five-year term in state court. And so it wouldn't actually meet the threshold necessary to be an armed career criminal at predicate. So the big deal is the aggravated felony, the Johnson issue, right? Yes, that's the main argument. Right. I assume just for the sake of discussion, we thought, well, it wasn't really brief, but we've had a chance to talk about it. It was briefed and argued below. We're going to go ahead and reach it. Explain how use of deadly force could be anything other than force capable of causing physical pain or injury to another person. Well, the way I'd explain it is this. The Pennsylvania aggravated assault statute is broken down into different felony grades, felony one, felony two, et cetera. This would have been a felony two aggravated assault. As Judge Baleson pointed out in United States v. Ramos, that particular grade of assault and those particular provisions are indivisible. As indivisible provisions, they encompass conduct that is beyond. Wasn't the specific, and maybe I just got it wrong, wasn't the specific charging section under which charge was made one that involved deadly force? It involved a deadly weapon. In this case, a baseball bat. All right. If you've got a deadly weapon, if the subsection deals with deadly weapons, how can a charge under that subsection not constitute the kind of force that is encompassed? I think the Pennsylvania courts have concluded that you don't actually have to have deadly force or force necessarily as the Supreme Court has defined it, the U.S. Supreme Court that is, to be convicted of a felony two aggravated assault. At least in the common law, the definition of aggravated assault is a little bit broader than the generic definition. I certainly can't dispute there are bad facts in this case. I'm not even talking about the facts. I'm just talking about the statutory subsection. The subsection talks about the use of a deadly weapon. I'm just trying to think on a categorical basis, how can that not be one that satisfies the Johnson point about force capable of causing physical pain or injury? Well, I think the subsection actually says causes bodily injury with a deadly weapon. I don't believe it even uses the term force. Our argument is simply that it's broader than the generic definition if you consider what felony two aggravated assault encompasses. In the first instance, we think the district court ought to address that issue. For those reasons, we would ask the court to remand. Thank you. Thank you, counsel. Good morning. Good morning, counsel. Let's start with jurisdiction. Absolutely. What are we supposed to do with that? I think the court should vacate the district court's order and instruct the district court to dismiss for lack of jurisdiction because the important point is to focus on the text of the EDPA provisions at issue here, both 2255 and 2244. Section 2244. Why would we instruct the court on that instead of giving the court the opportunity to take a crack at it in the first instance? In other words, I guess I'm wondering why the two of you aren't actually in agreement and saying send this back to the district court and let the district court judge answer the jurisdictional question first. I mean, it's at least a culpable issue here, right? I absolutely think so, Your Honor. I think there are a few reasons why this court is positioned to decide it. First, it essentially presents legal questions. There's nothing else in the record that needs to be developed for the court to address that issue. Additionally, Judge Rambo in another case has rejected the government's jurisdictional argument and that case is currently pending before this court, so I think there's good indication of what Judge Rambo would do. Well, there you go. That might explain your reluctance. How are we going to get the district courts to be serious about Pendleton and the order in which we've asked things to happen if we don't give them a chance to do it? Like send it back and say, okay, please do this. That's one possibility, Your Honor, or the government's preferred position would be for this court to do it in the first instance and explain the analysis that the district court must conduct and then the district courts would follow that guidance in the future. Again, I think the issue has been fully explained and the record is fully developed. To get back to the textual provisions that support the government's jurisdictional argument, that's 2244B2A, which requires a defendant to show that his claim relies on the new rule of constitutional law that he has put forward. Just last week in Hofner, the court confirmed that 2244B2A… But isn't the problem here, isn't there really a fairness? I mean, is it fair to penalize a defendant because a district court and its discretion decided not to specify exactly under what they were sentencing? I don't think defendants will typically be penalized, and certainly in most ACCA cases a district court does not specify. You're saying it's not clear. They can't come, right? Let me clarify the government's position. To satisfy his jurisdictional burden, the defendant would either have to point to the sentencing court saying, I relied on the residual clause, or based on prior conviction documents in the case law as it existed at the time of sentencing, the defendant can show that the residual clause must have been what the district court relied on. And so to provide an example, certain offenses would never qualify under the enumerated offenses clause or the elements clause. One example would be certain types of escape offenses. So, for instance, in the Supreme Court's Sykes decision, before it invalidated the residual clause, the Supreme Court was addressing Indiana vehicular flight and concluded, okay, this definitely doesn't qualify under the elements clause, so it can only qualify under the residual clause. A defendant post-Johnson, in a success of 2255, who had that prior conviction would be able to show that, yes, his conviction was based on the residual clause. Another example in the Pennsylvania context would be Pennsylvania burglary. In the 1990s, this court decided Bennett, in which it held that Pennsylvania burglary is broader than generic burglary because it covers entries into vehicles and other non-structures. But at the same time, Bennett held that Pennsylvania burglary is divisible, so you can look to the prior conviction documents to determine the exact structure of vehicle that the defendant entered. And if a defendant post-Johnson in a 2255 were able to present a prior conviction document showing that he entered a vehicle and so therefore was not convicted of generic burglary and so must have been convicted based on the residual clause, then the enumerated offenses clause is out and he would be able to present his success of 2255 motion. Okay. Maybe you've answered and I've missed it, but I'm waiting to hear an answer to Judge Sugaris' question, which is is there a basic fairness problem here because the district court chooses to do something in a specific way? Your position seems to be that lack of specificity in the district court opinion is what puts the defendant out of luck. Maybe I misunderstood, but can you respond to that point? I don't think it's unfair to a defendant because let's take this case, for example. At the time that Mr. White was sentenced in 2007, his aggravated assault conviction under 2702A4, Pennsylvania law, would have qualified under both the residual clause and the elements clause. And the court can look to its Jones opinion from 2003. We didn't cite it in the briefs, but it's at 332F3-688, in which the court explained that, yes, Pennsylvania aggravated assault does include as an element the use of force. But you say it would have. That is the argument. Because I think it is fair to assume that a district court, when sentencing under ACCA, would sentence based on any of the definitional clauses that qualify. And that's why I think this is different from the general verdict analogy that some courts have used and that Mr. Allred used. The general verdict rule, when you have a general verdict and there are multiple theories, and a jury could have convicted under an invalid legal theory, is based on the jury trial guarantee and the fact that you cannot rely on juries to pick what the legally valid rule would have been. But there's a separate rule that if there's a general verdict and there's factual insufficiency on one theory and factual sufficiency on another theory, then you assume that the jury actually got the factually sufficient theory and that's what it convicted on. But why do we assume one way or the other here? I guess the question is, you're pressing us to make a decision here. Why do we have to assume one way or another as opposed to sending it back and telling the district court, make a judgment, make a decision in the first instance that will allow us to have some kind of an understanding based on your review of the factual record, your best legal analysis, how this stands? I'm hearing your answer, B. Well, you can do that just as well as the district court. Is that true? Are we just as well positioned? I don't think there's any additional factual development that would occur at the district court. Certainly, as a matter of judicial management, that could be something that the court could do. If the district court concluded that at the time of sentencing in 2007, Mr. White's act of sentence could have been based on the elements clause, then I think it would be proper for the district court to dismiss for lack of jurisdiction. Can I just follow up on one other thing? You mentioned that the district judge here decided this against the government. Is that case being appealed? Maybe you can tell us about that. Sure. That case is interesting for a few reasons. What I'm actually really just concerned about is if it's before us, then that's something we're going to have to take note of. Okay. It is before the court. The case is United States v. Ronnie Peppers. I actually submitted my response brief yesterday and briefed the jurisdictional issue. And in granting the certificate of appealability in that case, I think the order was actually signed by Judge Jordan and specifically ordered the parties to address the jurisdictional issues and a couple of related issues. Okay. And so in that case, you do have the benefit of an opening brief from the defendant that also addresses the jurisdictional issue as well as the government's response. What was the reasoning that prompted the district court to reject the government's jurisdictional argument in that case? Judge Rambo simply rejected the jurisdictional argument in a footnote, but she actually ended up – but there was no reasoning. She just said she rejected the jurisdictional argument. Didn't say why. Just said you lose? She may have incorporated the defendant's response, but there was no additional. Well, then, assuming that she adopted the defendant's response, what's that line of reasoning? It's similar to what Mr. Ulrich has argued here with the analogy primarily to the general verdict context, which, again, I don't think works because we're not dealing with the jury trial right. And as I said, even when you are dealing with the jury trial right, you're dealing with factual sufficiency, which is certainly within the wheelhouse of the jury. You are able to presume that the jury picked a factually sufficient theory. And in this context, when you're dealing with legal issues, which are in the wheelhouse of a federal district court judge, you can assume that when presented with a prior conviction that would qualify under both the residual clause and the elements clause or the enumerated offenses clause, that the district court judge would have sentenced under any legally available clause. But in that other case, the case that is currently pending before this court, although Judge Rambo said she was not dismissing for lack of jurisdiction, she essentially adopted the government's analysis, which was that for that defendant, at the time that he was sentenced, although she as the sentencing judge did not specify one way or the other whether she was using the residual clause, at the time of sentencing, that defendant's prior convictions for Pennsylvania robbery and Pennsylvania burglary would have qualified under the other clauses, robbery under the elements clause and burglary under the enumerated offenses clause. Can I ask you to make a distinction, if you can make it, between your merits argument and your jurisdictional argument? Because they're starting to sound a lot alike. Is there any difference between them? Your merits argument, I take it, is that there's not a – well, instead of me putting words in your mouth, you tell me if this thing got to the merits, what your merits argument would be. The merits argument would be that if the defendant established that he was sentenced under the residual clause at sentencing, then his would go to the merits, and the aggravated assault conviction would nonetheless now qualify under the elements clause, and so he would still have three prior qualifying convictions. Okay. And what's your jurisdictional argument? The jurisdictional argument is the defendant has not been able to establish that at the time of sentencing he was sentenced under the residual clause because at the time of sentencing, based on the prior conviction documents, which show that he was sentenced under subsection A-4 and the case laws that existed at the time of sentencing. He's relying on Johnson, which has been made retroactive on appeal. Why doesn't that satisfy the gatekeeping function? Because I don't think he's actually relying on Johnson. To rely means to depend on something. He has not established that he is actually depending on Johnson and the rule announced in Johnson. And in what sense is he not relying on him? Because he has not shown that he actually falls within the scope of the rule announced in Johnson. In other words, it's your merits argument, right? Aren't now we back to your merits argument? Isn't your jurisdictional argument exactly the same as your merits argument? No, because I think the analysis on jurisdiction focuses what happened at the time of sentencing. If he gets through the door and establishes that he must have been sentenced. We just walked right down the line, and maybe I missed it, but in the end, your whole argument seems to be there's no jurisdiction because he's not really relying on Johnson. The reason he's not really relying on Johnson is because, and then we start talking merits, right? You're looking at what he could have been sentenced on at the time of sentencing 10 years ago. So if he gets through that door and is able to say at the time of sentencing, I must have been sentenced based on the residual clause, then at the merits part of the analysis, the government would try to show that either the prior conviction now qualifies based on current law, qualifies under one of the other clauses, or he has these other prior convictions that actually qualify, and he's still an armed criminal. All right. What is the difference between your merits argument and your jurisdiction argument? How come you're not just trying to get a win? How come this shouldn't be seen as the government trying to win a merits argument dressed up as a jurisdiction argument? First, I think because the gatekeeping requirements are clear, and they require the district court to determine whether the defendant is actually relying on the new rule of constitutional law. Additionally, what's happening in a lot of these cases from a practical perspective is that defendants who may have been sentenced based on the residual clause are saying, okay, I meet the gatekeeping requirements. Now I want to take advantage of subsequent legal developments that would not meet the gatekeeping requirements under 2244b2a. Meet Mr. Ulrich's argument, which is, yeah, time's passed. It's too bad for the government. Too bad for the government. Time passed, and they've been relying on something that turned out on Supreme Court review to be unconstitutional. That doesn't change the facts that have happened in the interim. If he was really good in prison, that would matter. If he was really bad in prison, that would matter. So there are amendments to the guidelines. There aren't amendments to the guidelines. Things happen. That's not a reason to say you don't get a chance to even come to court. The fact that the earth has changed in the years since is just a fact, and it should be taken into account, but it doesn't make their argument bad. I take that to be the pitch he's making to us. What's wrong with that? What these defendants are relying on are actually cases, subsequent either Third Circuit cases or Supreme Court cases, that don't meet the gatekeeper requirements under 2255. I take his position to be, he just stood at that podium and said, we're not hanging our hat on the fact that there's an amendment. When it gets back to district court, they'll look at it and they'll say, well, there's an amendment, things are different. But that's not what we're relying on. What we're relying on is, Johnson said the residual clause is unconstitutional. That's been made retroactive on appeal. We don't know. It looks like he was probably under the residual clause, but we don't know. We should have a chance to go in and have a look at that. I'm sure I haven't done justice to his position, but for all you're saying here, it sounds like your argument really, in the end, is on the merits they should lose because of the things you've said. I'm having a little trouble figuring out how your merits and jurisdictional argument haven't collapsed into one another. May I respond, Your Honor? Yeah, go ahead. Because I think an intervening step in Mr. Ulrich's argument is that Mr. White no longer has a prior qualifying conviction, his aggravated assault conviction. And that, when it comes down to it, are based on intervening cases, specifically the Supreme Court's Johnson 2010 decision in which it interpreted the elements clause. And that decision does not meet the gatekeeping requirements in 2244B2A. In AEDPA, these gatekeeping rules are claims-based rules. So even if, Your Honor, it's correct or Mr. Ulrich is correct in that his Johnson claim, his Johnson 2015 claim, he has jurisdiction for that and that the residual clause is out, then he still has to establish jurisdiction for his claim that, under the elements clause, the aggravated assault conviction doesn't qualify. And for that claim, he's relying on a statutory interpretation case, not a new rule of constitutional law. And so that claim is jurisdictionally barred, and the government would win in that case. Now, the jurisdictional and merits aspects of that analysis can get a little bit muddled, but you have to keep the analyses separate based on the claim actually being presented. There's a Johnson 2015 claim and a Johnson 2010 claim. You may have jurisdiction over the 2015 claim, but you do not over the 2010 claim. And for that reason, aggravated assault qualifies under the elements clause. And just to conclude, it also, even if you got through that jurisdictional hook, in light of this Court's decision in Chapman last month, I think that totally torpedoes any argument that Pennsylvania aggravated assault under A4 does not qualify under the elements clause. Thank you, Your Honors. Okay, thank you. No further argument, Your Honors, unless you have questions, other than to point out that the Peppers case is actually scheduled for October 14th. And coincidentally, Mr. Marscioli and I happen to be on the opposite sides of that case as well, and it's at 17-1029. And it also has, as part of its argument. I do have one other question, which is answer, if you would, the government's point that even if you got, even if you were accepted to have gotten past the gatekeeping requirements in 2255H with the Johnson 2015 argument, the founder on Johnson 2010 would be jurisdictionally barred. I don't think that implicates jurisdiction at that point. I mean, if we're now back into determining whether the elements clause is met, we'd simply use the cases most recently interpreting it. We wouldn't be required to use cases that are no longer valid. We'd simply use the current law. We're not asking for retroactivity. Those cases simply interpret the statute as it is. And that argument is actually laid out in some detail in the Peppers briefing for the Court, but I don't think it causes a jurisdictional problem at all. If it's being decided in Peppers right now, that very set of facts, does that counsel remand? I think this case is easily resolved as a remand because, as Your Honor pointed out multiple times in the questioning, that the Court never even got to that point to address the jurisdictional question in the first instance, and it makes sense to have the district court take the first crack at it. Thank you, counsel. We'll take the case under advisement. Thank counsel again publicly for their excellent briefing and argument.